UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL L. FIEVEZ, a single man,<br><br>                 Plaintiff,<br><br>     v.<br><br>CITIBANK, N.A., as ALLEGED TRUSTEE OF THE WAMU SERIES 2007-HE3 TRUST; JPMORGAN CHASE BANK, N.A., Alleged Trustee of the loans and other assets of WASHINGTON MUTUAL BANK, FA, formerly known as Washington Mutual Bank, FA (the "Savings Bank") from the Federal Deposit Insurance Corporation, acting as receiver for the Savings Bank, and pursuant to its alleged authority under the Federal Deposit Insurance Act, 12 U.S.C. § 1821(d), A Foreign National Banking Association; WASHINGTON MUTUAL BANK, formerly known as Washington Mutual Bank, FA; FEDERAL DEPOSIT INSURANCE CORPORATION, Alleged Receiver for the Washington Mutual Bank; and NORTHWEST TRUSTEE SERVICES, INC., an active Washington Corporation,<br><br>                 Defendants. | No. C13-880 RSM<br><br>ORDER GRANTING MOTIONS TO DISMISS |

This matter comes before the Court on JPMorgan Chase Bank, N.A. ("Chase's") and CitiBank N.A.'s ("Citi's") Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) (Dkt. # 7), which is joined by Northwest Trustee Services, Inc. ("NTS") (Dkt. # 8), seeking an order dismissing all of Plaintiff's claims against Chase, Citi, and NTS. The Court has considered

ORDER - 1

the motions and its exhibits, as well as all papers filed in support of and in opposition to the motion. The Court finds as follows:

1. "Failure to follow a district court's local rules is a proper ground for dismissal" if, prior to dismissal, the district court evaluates five factors. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Courts must explicitly consider (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its own docket, (3) the public policy favoring disposition of cases on the merits, (4) the risk of prejudice to the defendant, and (5) the availability of less drastic sanctions. *Id.*

Although Plaintiff filed a response brief to Chase and Citi's motion, the response was filed outside the deadline imposed by LCR 7(d). The untimely response does not address NTS's motion. Pursuant to LCR 7(b)(2), "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." The Court considers Plaintiff's failure to timely file a response to the Citi/Chase motion, and failure to respond to the NTS motion as an admission that the motions have merit.

The caption of Plaintiff's untimely response brief identifies the brief as the "Declaration of Daniel L. Fievez in Opposition to Defendants JPMorgan Chase Bank, N.A. and Citibank, NA's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)." Dkt. # 10. LCR 10(e)(2) requires that each pleading, motion, or other filing shall contain "a title indicating the purpose of the paper and the party presenting it." Therefore, the response brief was incorrectly titled as a declaration and thus failed to satisfy LCR 10(e)(2). Plaintiff also filed a "Declaration of Daniel L. Fievez" ("Fievez declaration"). Dkt. # 11. Plaintiff's response brief is composed almost entirely of identical text to that contained in the Fievez declaration, the contents of which

ORDER - 2

improperly detail factual allegations extraneous to those set forth in the complaint. *Compare* Dkt. # 11 *with* Dkt. # 10. Moreover, the response brief fails to meaningfully address any of the legal arguments set forth in Defendants' motions to dismiss, including Defendants' argument that *res judicata* bars the asserted claims.

2.  While courts heavily favor adjudication on the merits of a case, Plaintiff's disregard for the Court's time and resources is unfailing. In Plaintiff's 2011 related case, *Fievez v. Washington Mutual Bank*, Case No. C11-1456-RAJ (W.D. Wash. 2011), Mr. Fievez also failed to file a timely response to Defendants' motion to dismiss. There, Mr. Fievez filed an untimely declaration, "most of which [was] unrelated to the issues presented in the Defendants' motion to dismiss." *Id.* (Dkt. # 13, n.1). The Court "nevertheless reviewed Mr. Fievez's statements given the court's preference for resolving cases on their merits." *Id.* Ultimately, the Court dismissed the claims as time-barred. *Id.*

In the prior case, Mr. Fievez detailed many of the same factual allegations that are alleged in the present complaint, and both cases concern Mr. Fievez's default on his mortgage. The doctrine of *res judicata* "has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 880 (9th Cir. 2007). Defendants contend that Mr. Fievez had the chance to litigate the current theories of liability in the 2011 complaint against the same Defendants. Plaintiff has entirely failed to address Defendants' arguments that the present claims could have been brought against these Defendants in 2011.

Here, Plaintiff—who is represented by an attorney and was represented by the same attorney in the prior action—has failed to timely and appropriately prosecute two

related cases before this Court. Failure to address the opposing party's legal arguments imposes a burden on both the Court and the public as it usurps judicial resources from those parties that actively seek to resolve their disputes. As a failure to file an opposition to a motion to dismiss may be construed as an admission that dismissal is warranted, dismissal is the appropriate sanction.

3. Accordingly, the Motions to Dismiss (Dkt. ## 7, 8) are GRANTED.

DATED this 14th day of November 2013.

_____
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 4